# SUPREME COURT.

## JOHN FARLEY agt. SIMEON FARRELL.

*Covenant against incumbrances — Parol agreement — Evidence.*

A covenant contained in a deed against incumbrances cannot be enlarged by *parol*, so as to show that the grantor assumed a further liability on the subject of incumbrances, in addition to that expressed in the deed.

A *collateral* agreement existing in *parol* may be shown, notwithstanding the silence of the principal agreement in writing upon the subject. But the parol agreement here sought to be proven was not *collateral* to, but directly related to the subject of the covenant.

*Special Term, April,* 1876.

*Joseph C. Brown,* for plaintiff.

*John E. Burrill,* for defendant.

VAN VORST, *J.* — It is quite clear that the expense of the city improvements in question was discussed at the time the deed was delivered and the consideration paid and secured; but there is a contention as to what was really said.

The defendant claims that the plaintiff then promised that if any assessments should be *thereafter* imposed for such improvements he would pay them. This the plaintiff denies, and on the other hand claims to have then said that he would convey the premises, clear of incumbrances, up to the date of the deed, and would have nothing to do with future assessments. The deed was delivered after the discussion. The deed contains covenants against incumbrances existing at its date. Such covenants would not embrace assessments for

VOL. LI.    63

improvements thereafter imposed, although the improvements had been made before.

This is explicitly decided in *De Peyster* agt. *Murphy* (39 *Superior Ct. R.* [*7 J. & S.*], 255).

The evidence does indeed indicate that it was supposed by the parties at the time that for these improvements no assessment upon the property conveyed by the deed would be imposed, but that the municipal corporation would itself bear the expense.

But any mistake in the law upon that subject could give no ground of relief in favor of the defendant against the plaintiff. An examination of the proceedings under which the improvements were made and the assessments ultimately laid would have dispelled such belief. Upon an examination of the whole case, I am of the opinion that the agreements and covenants of the grantor, on the occasion in question, cannot be enlarged or added to beyond what are found in the deed.

The writing must control. All the stipulations in respect to the terms of the conveyance and the obligations of the grantor, in the absence of fraud, should be regarded as merged in the deed.

This is clearly so with respect to incumbrances. This subject the deed shows was considered, and certain covenants in writing, under seal, were incorporated therein, limited, however, to a liability against incumbrances *then* existing.

This should be held to exclude any liability, on the part of the grantor, against future incumbrances. It would be unsafe to depart from a rule well settled on this subject, that everything resting in parol becomes extinguished by the writing.

It is true that there may be a *collateral* agreement existing in parol which will be upheld, notwithstanding the silence of the principal agreement in writing upon the subject.

Such was the case of *Angell* agt. *Dake* (10 *Queen's Bench* [*L. R.*], 174), but to be maintained it must be strictly *collateral.*

Farley agt. Farrell.

But the alleged parol agreement with respect to the assessments, which if imposed would become a lien and charge, directly affected the land. These assessments are not a charge against individuals but become a lien upon the land, the subject of the deed, out of which they are to be satisfied, and with respect to which covenants against incumbrances were assumed by the grantor.

Not collateral to, but directly connected with the subject of incumbrances. To be valid as an agreement the deed itself should have contained covenants against them, or a memorandum in writing should have been made at the time, signed by the party to be charged and obligated.

When the assessments were finally imposed the plaintiff had ceased to have any interest in the land which was affected by them, and was under no obligation to pay them for the benefit of the defendant unless bound to do so by some writing executed by him and for a valuable consideration.

I do not understand judge QUIN, a witness for the defendant, to testify positively to the verbal undertaking of the plaintiff on the subject. He says: "My impression is that Mr. Farley said," &c.

The very conflict in evidence shows how important it is that the rule be adhered to that the writing should control as to the engagements of the grantor in respect to incumbrances chargeable, or which might become a lien upon the land.

There should be judgment for the plaintiff for the foreclosure of the mortgage, and the defendant's claim for the assessments is disallowed.